IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UBS BANK USA,<br><br>             Plaintiff,<br><br>vs.<br><br>ANDRE HAWIT,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:09CV00032DAK |

This matter is before the court on Defendant's Motion to Dismiss or in the Alternative to Stay Proceedings Pending Financial Industry Regulatory Authority ("FINRA") Arbitration. The court held a hearing on these motions on July 9, 2009. At the hearing, Plaintiff was represented by Stephen P. Horvat and Julian W. Wells, and Defendant was represented by Brent R. Baker. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the motion under advisement, the court has further considered the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

BACKGROUND

Plaintiff UBS Bank USA ("UBS Bank") is a federally regulated industrial bank based out of Utah. Defendant Andre Hawit ("Hawit") is a resident of California. UBS Financial Services, Inc. ("UBS Financial") is a securities brokerage firm incorporated in Delaware.

1

Since 2003, Hawit has been a client of UBS Financial, investing as much as $23 million after a broker allegedly convinced him that the firm could offer him better overall financial management than the competition. As part of the broker services, UBS Financial arranged for a $3 million line of credit for Hawit through UBS Bank. Hawit signed separate contracts in regard to the respective services to be provided by the two different entities – UBS Bank and UBS Financial.

Hawit signed a Credit Line Agreement with UBS Bank, which stipulates that the loans are subject to collateral requirements attached to Hawit's UBS Financial account and require that a minimum value be maintained. This agreement also stipulates that all suits between the parties must be litigated in the United States District Court for the District of Utah or in the courts of the State of Utah, and that any arbitration between Hawit and "the Securities Intermediary," including UBS Financial, shall not provide a basis to stay any action in litigation with UBS Bank. In contrast, the agreement Hawit signed with UBS Financial stipulates that all disputes between Hawit and UBS Financial shall be resolved through arbitration.

In 2007, Hawit accessed the UBS Bank line of credit to purchase real estate. At various times thereafter, Hawit's collateral account value dropped below the minimum standard, and he wired money to satisfy the Bank's requirements. In October 2008, UBS Bank notified Hawit that his UBS Financial account had again declined to a value below the collateral requirement and that he was required to send additional funds. Hawit did not send the requested funds, and UBS Bank began to liquidate Hawit's collateral in a manner that Hawit deems reckless. On January 16, 2009, UBS Bank filed a Complaint alleging, *inter alia*, that Hawit failed to pay more than $530,000 owed to the bank in accordance with the Credit Line Agreement.

On March 20, 2009, Hawit filed a Statement of Claim with the FINRA, seeking damages from UBS Financial for breach of fiduciary duties, fraud, gross negligence, and violation of securities laws. Hawit contends that UBS Bank and UBS Financial were engaged in an investment scheme that caused him extensive financial losses. On the same day, Hawit filed this Motion to Dismiss or in the Alternative to Stay Proceedings Pending FINRA Arbitration. Hawit contends that many of the same issues, witnesses, and evidence involved in the FINRA Arbitration will also be involved in this litigation. Hawit argues that dismissal or a stay is necessary to avoid the cost of duplicative litigation and potentially inconsistent verdicts.

## DISCUSSION

Hawit moves the court to stay the proceedings pending the outcome of the FINRA arbitration against UBS Financial. Hawit claims that staying the litigation pending the resolution would promote judicial economy, avoid duplicative and burdensome discovery, eliminate the risk of inconsistent findings, and would permit the FINRA, an industry expert, to decide the issues. Hawit posits that if he prevails in the arbitration, he will not owe UBS Bank, but UBS Financial will owe him in excess of $2 million.

The court finds no merit to Hawit's arguments. UBS Bank and UBS Financial are two separate entities, and Hawit signed different contracts with each entity. Therefore, Hawit's prediction that if he prevails in arbitration then he will not owe UBS Bank is incorrect. UBS Bank is not a party to the pending arbitration between Hawit and UBS Financial. If the arbitration proceedings result in a finding that UBS Financial is liable for Hawit defaulting on the terms of his loan to UBS Bank, then UBS Financial will be responsible for compensating Hawit for the resulting costs; Hawit's own obligation to UBS Bank will remain unchanged.

Moreover, the contractual agreement that Hawit entered into with UBS Bank specifically stipulates that any dispute between the two parties will be litigated in a Utah court and that arbitration proceedings with the Securities Intermediary (UBS Financial) "will not provide a basis for any stay of the court proceedings." Docket No. 2, Ex. A at 12. Hawit never challenged the validity of these contractual provisions, and the court finds the contract language to be unambiguous and conspicuously located within the contract. Accordingly, the court will enforce the provisions of the contract, and Hawit's motion to stay proceedings is denied.

Regardless of the clear contractual obligations, Hawit has not met his burden for a discretionary stay. Although Hawit correctly notes that the court has the authority to grant a stay pending the result of another proceeding, it is Hawit's burden to prove that the stay is warranted. *Nederlandse ERTS-Tankersmaatchappij, N.V. v. Isbarndtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964). "Factors relevant to the court's decision are: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship." *Id.* at 422.

Hawit conclusively claims that a grant of stay would promote judicial economy and avoid inconsistent results, as well as avoid the prejudice and undue burden of duplicative discovery to which he would be subjected if required to proceed in both forums. However, Hawit has not convinced the court that proceeding in two forums with the two entities would be unduly burdensome or prejudicial. The FINRA arbitration involves Hawit's claims against UBS Financial in regard to its brokerage services and the proceedings in this court concern contractual obligations between Hawit and UBS Bank stemming from a line of credit. As such, any claims resolved in arbitration will have no effect on the outcome of the proceedings in this court and,

thus, there is no danger of inconsistent verdicts and no viable argument for judicial economy. Accordingly, the court finds that Hawit has not demonstrated that a stay pending arbitration is warranted.[1]

## CONCLUSION

Defendant's Motion to Dismiss or in the Alternative to Stay Proceedings Pending FINRA Arbitration is DENIED.

DATED this 31st day of July, 2009.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge

---

[1] Because the court declines to stay the instant case, Hawit's alternative motion to dismiss is necessarily denied.